**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------

RACHEL BURNS, ALLISON GERMAN, AMBER
HAWTHORNE LASHWAY, MARIE NEPTUNE,
SUSAN DEVLIN-VARIN & KIMBERLY WESLEY, on
their own behalves and on behalf of all similarly situated
Nurse Practitioners employed by the State of New York,

                        **CLASS ACTION COMPLAINT**

              Plaintiffs,          Case No.: 5:24-CV-1132 (BKS/ML)

vs.

STATE OF NEW YORK, NEW YORK STATE CIVIL
SERVICE COMMISSION,

              Defendants.
--------------------------------------------------------------------------------x

     By and through their counsel, Michael H. Sussman, Esq., plaintiffs hereby allege as and against defendants:

I. **PARTIES**

     1. Plaintiffs Rachel Burns, Allison German, Amber Hawthorne Lashway, Marie Neptune, Susan Devlin-Varin & Kimberly Wesley, all work for the defendant State of New York as Nurse Practitioners [hereinafter "NPs"].

     2. Plaintiffs initiate this lawsuit on their own behalves and on behalf of all other similarly situated Nurse Practitioners who are employed by the State of New York. The class of such persons is too numerous [more than 200 persons] to make practical litigation on behalf of each individual plaintiff and the questions of fact and law raised herein are common to each member of the purported class.

     3. Defendants, the State of New York and the New York State Civil Service Commission, which is the agency of the State of New York responsible for the classification of civil service

1

employees are located in this judicial district and both have taken the relevant actions and omissions which predicate this lawsuit within this district.

## II.  **JURISDICTION AND VENUE**

4.  Through counsel, plaintiff class representatives each timely filed a class charge with the EEOC [Exhibit 1], have each received right to sue letters from the Civil Rights Division of the United States Department of Justice [Exhibit 2] and initiate this lawsuit within 90 days of receipt of the right to sue letters, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1343 and 42 U.S.C. sections 2000e-5, et. seq. and 42 U.C.S. section 1988.  As the matters which give rise to this matter occurred with this judicial district from which defendants conduct business, venue is appropriate herein.

## III.  **MATERIAL FACTS**

5.  Defendants have created and continue to employ a civil service classification which significantly devalues plaintiffs' education and training, as well as the critical job duties that the state's more than 200 NPs routinely discharge in numerous facilities throughout the state, including jails, hospitals, and clinics.

6.  Plaintiffs allege that this de-valuation occurs in substantial part because the vast majority of NPs working for the State of New York are female and represents a form of gender bias and wage discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended.

7.  Plaintiff and class representative Rachel Burns works for Western New York Office for Persons with Developmental Disabilities, 1200 East and West Road, West Seneca, NY.

8.  Plaintiff Burns has a bachelor's degree in nursing (BSN), master's degree in nursing (MSN), and a Doctorate in Nursing Practice (DNP).

9.  Plaintiff Burns works as a Psychiatric Mental Health NP and is responsible for performing comprehensive psychiatric evaluation for patients, diagnosis, prescribing medication, ordering labs, and determining risk.  These evaluations are identical to a psychiatrist and require her to complete the same forms.

10.  Plaintiff Burns routinely engages in crisis intervention and uses evidence- based practices to properly treat her patients autonomously. Her duties are in alignment of a psychiatrist (SG38). She continues at a (SG24) with no opportunity for advancement.

11. Plaintiff and class representative Allison German resides in Baldwinsville, New York.

12. Plaintiff German obtained her Primary Care NP Certificate in 2000, the same year she earned Master of Science degrees in Family Nursing and Community Health Nursing.

13. Since 2005, NP German had worked at SUNY Oswego, 7060 State Route 104, Walker Health Services, Oswego, NY.

14. Plaintiff German practices in a manner completely independent of physician oversight and provides primary and acute care, including physical examinations, diagnosing, and treating illnesses/injuries, prescribing medications, and ordering and reviewing diagnostic tests.

15. Plaintiff German also oversees and supervises two registered nurses, a licensed practical nurse and one medical assistant.

16. Plaintiff and class representative Amber Hawthorne Lashway resides in Ellenburg Depot, NY.

17.  Plaintiff Lashway works as an NP at Upstate Correctional Facility, 555 Devils Den Road, Altona, NY.

18. Plaintiff Lashway has earned both a bachelor's degree in nursing and a Master of Science in Family Nurse Practitioner.

3

19. For many years, at Upstate CF, Ms. Lashway was the sole medical provider, acting completely independently of any physician oversight with final decision-making authority over healthcare matters affecting incarcerated individuals.

20. That Correctional Facility still has no physicians.

21. Plaintiff Lashway's duties mirror those performed by clinical physicians and, while they are classified as Grade 36 employees, she is a Grade 24.

22. As regular components of her job duties, plaintiff Lashway meets with incarcerated persons, diagnoses and treats their medical conditions, managing illnesses like hypertension, diabetes, asthma, COPD and HIV, to name a few.

23. Plaintiff Lashway also provides treatment for persons diagnosed with opioid use disorder.

24. Plaintiff class representative Marie Neptune resides in North Babylon, NY.

25. Plaintiff Neptune is a PMHNP-BC with BSN, MSN and DNP degrees who works for the NY State Office of Mental Health at Pilgrim Psychiatric Center, 998 Old Crooked Road, West Brentwood, NY.

26. Plaintiff Neptune is responsible for conducting comprehensive psychiatric reviews of patients upon their admission, diagnosis, determining risk, creating and implementing treatment plans, prescribing medications, and ordering and referring patients to consultants, as needed.

27. These evaluations are identical to what a psychiatrist completes.

28. In OMH, the psychiatric nurse practitioners are identified in the medical record as the "psychiatrist" of record.

29. Like each of the other plaintiffs, Ms. Neptune is a Grade 24 doing work typically performed by, in her case, a psychiatrist (Grade 38).

30. Ms. Neptune has no opportunity for advancement and remains at Grade 24.

31. Plaintiff and class representative Susan Devlin-Varin resides in Ellenburg Depot, NY.

32. Ms. Devlin-Varin became an NP in 2016 and works as an NP at Clinton Correctional Facility.

33. Ms. Devlin-Varin performs the same functions as a Clinical Physician in the Department of Correctional Services and Supervision but receives much less pay.

34. Specifically, her duties include providing primary, acute, and long-term care to incarcerated persons, including diagnosing their health problems, prescribing medications, medical tests, and treatment, collaborating with other health care professionals, and providing clinical guidance and training nursing staff.

35. Plaintiff and class representative Kimberly Wesley reside in Canandaigua, NY.

36. Ms. Wesley earned her nursing degree from Keuka College in 1997 and her NP degree from the University of Rochester in 2005.

37. Since August 2016, Ms. Wesley has worked at Rochester Psychiatric Center where she performs the same duties as her clinical physician colleagues, routinely conducting physical examinations, ordering, performing and/or interpreting diagnostic tests and procedures, determining and/or confirming diagnoses, treating a variety of medical conditions, discussing advanced directives with patients and their families, completing evaluations for other staff and regularly attending departmental and hospital committee meetings.

38. Plaintiff Wesley maintains board certification.

39. For the last eleven years, nurse practitioners in New York State have sought pay equity.

40. By and large, these efforts have been unsuccessful, and plaintiffs and the class they seek to represent, continue to suffer systemic wage inequity and, unlike male dominated job classifications like physicians, are classified at Grade 24 with no possibility of internal advancement or steps associated with their title.

41. Despite significant efforts, plaintiffs and those who have acted as their representatives and in concert with them, have failed to attain progress toward wage equity.

42. In 2006, defendants re-classified NPs from Grade 18 to Grade 24.

43. In 2018, complying with specific state legislative dictate, defendant Department of Civil Service's Compensation and Classification unit did a "study" of the NP classification, recommending against re-grading and a career ladder [hereinafter referred to as "the study"].

44. The study noted the subordinate role of NPs to physicians [p. 15] and the substantial difference between physician classification (entry at 34) and that of NPs (24), psychologists (25) and pharmacists (25).

45. The study focused on "scope of practice" as decisive, contrasting Licensed Social Worker and Physician Assistant Titles which have less autonomy in treating patients than do NPs.

46. However, the work of NP's is complex, equaling that of a medical specialist, psychiatrist or clinical physician.

47. NPs have a high level of responsibility, equaling that of a medical specialist, psychiatrist or clinical physician.

48. The study claimed that higher classified positions have higher levels of educational attainment [as measured by years] and licensure requirements and no supervision or collaboration requirement [as NPs allegedly do].

49.  But the latter consideration contravenes the actual experience [as reported elsewhere in the study] of NPs who, as utilized by defendant State, often work without actual supervision, and as substitutes for physicians.

50.  According to Public Employees Federation [hereinafter "PEF"] data, between 2010-2023, the combined total of filled positions among Medical Specialists, Psychiatrists and Clinical Physicians declined by 400, while NP filled positions increased by 127 for the same period.

51.  This trend shows that, as currently used by the State of New York, NPs are viewed as functionally comparable to these much more highly compensated classifications.

52.  The study also addressed compensation issues and noted a very recent change [GPD] implemented "to address significant retention and recruitment issues" due to what it acknowledged to be uncompetitive prior salaries. [p. 19].

53.  In fact, this change did not alter the fundamental pay inequity which this lawsuit challenges.

54.  According to the [inaccurate] data reported, the defendant state's compensation level for NPs exceeded that of the private market [both upstate and downstate].

55.  The study found that board certification does not alter the fundamental duties of an NP and is not required for the job in NY, which misstates federal billing requirements.

56.  Although defendants assert that board certification is not required to practice in NY, it recognizes and compensates physicians for board certification without any fundamental changes to their job duties.

57.  Board certification for physicians is not required for the job in NY.

58.  The study further falsely concluded that there is minimal distinction in what NPs do, further making unnecessary and inappropriate a career ladder. [p. 23].

59. The Nurse Practitioner Association [hereinafter "NPA"], New York State's professional organization representing nurse practitioners, responded to the study, noting that it failed to account for the autonomy accorded to and exercised by NPs working in many positions of state service.

60. The NPA also criticized the conclusion that NPs have undifferentiated job responsibilities and that the range of duties they perform does not support a career ladder.

61. The Public Employees Federation[hereinafter "PEF"] also provided similar, highly critical comments of the study.

62. On November 21, 2018, defendant Department of Civil Service's C & C director refuted NPA's criticisms and reiterated his agency's position, defending the undifferentiated employment of NPs at and only at Grade 24.

63. In 2022, the NP Modernization Act allowed NPs with more than 3600 hours of collaborative practice to be entirely independent of physicians and struck the prior collaboration requirement, strengthening the case for an upgrade in status, title and pay.

64. On October 22, 2022, when the Coalition of Civil Service NPs addressed the Governor, she directed C & C's Director, Jean-Pierre Abner, to meet with plaintiffs and their representatives.

65. In March 2023, the parties met and PEF sought an increase in starting grade to 28 with a grade progression to 34 depending on experience and then education.

66. But, to this date, despite altering the starting salaries of NPs, defendants have failed and refused to alter the compensation offered to the substantial majority of NPs and each plaintiff remains cabined in a Grade 24 with a discriminatorily low salary when compared with males in other job classifications doing highly similar functions.

67.  Defendant Department of Civil Service continues to intentionally understate the job functions of NPs, overstate their dependence on clinical physicians and advocate for the maintenance of their current inequitable job classification.

68.  In advocating for pay equity and for lines of advancement within their job classification, NPs employed by New York State have argued that their mistreatment is a consequence of the fact that at least 80% of state's employed NPs are women.

69.  One recent study by the esteemed Rockefeller College of Public Affairs concluded that a significant influence in New York State's compensation of various jobs related to "the percent of females within the various job titles."

70. The treatment of nurse practitioners is all too typical of the devaluation defndants accord persons in female-dominated titles.

71. Maintenance of the status quo intentionally under-compensates all purported class members on the basis of the dominance in this job classification of female employees.

72. The plaintiff are proper class representatives because they are similarly situated to other putative class members, the number of persons in the proposed class similarly affected and situated is too numerous to make impractical joinder of each in a single lawsuit; each putative class member has been harmed by the same common discriminatory wage and classification practices intentionally developed and implemented by defendants and the personal participation of each putative class member is not required to establish defendants' liability to class members

73.  Furthermore, plaintiffs' claims are typical of those possessed by class members; they have no interests in conflict with those of other putative class members and have retained experienced legal counsel who has represented classes challenging discriminatory practices, including against the defendants herein.

9

74.  By and through the discriminatory practices alleged herein, plaintiffs and the members of the class they propose to represent have suffered compensable damages, including loss of wages, loss of pension, emotional distress, and humiliation.

**CAUSE OF ACTION**

75.  Plaintiffs incorporate paras. 1-74 as if fully set forth herein.

76.  By and through the actions and omissions set forth above, defendants have intentionally maintained classification and wage disparities between the NPs it employs, the vast majority of whom are female, and other comparable jobs which have much higher grades, salaries and benefits in titles which are not as dominated by female employees in violation of Title VII of the Civil Rights Act of 1964, as amended.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court accept jurisdiction over this matter, certify the class they seek to represent of nurse practitioners employed by the State of New York, provide the class representatives and the class they purport to represent make with whole relief, inclusive of back wages for ten years, a commensurate adjustment of pension benefits for them and all class members and prospective pay equity, as well as compensatory damages for the distress caused by the longstanding discriminatory practice, and equitable relief, including implementation of a series in their new title and any other and further relief which the interests of law and equity require.

Dated:  September 17, 2024

Respectfully submitted,

MICHAEL H. SUSSMAN [103324]
Counsel for Plaintiffs

SUSSMAN & GOLDMAN
1 Railroad Avenue, Ste. 3
PO Box 1005
Goshen, New York 10924
(845)-294-3991
Sussman1@sussman.law

EXHIBIT 1

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK REGIONAL OFFICE

RACHEL BURNS, ALLISON GERMAN, MELANIE KING,
AMBER HAWTHORNE LASHWAY, MARIE NEPTUNE,
SUSAN DEVLIN-VARIN & KIMBERLY WESLEY, on
their own behalves and on behalf of all similarly situated
Nurse Practitioners employed by the State of New York,          **CHARGE**

Charging Parties,

vs.

STATE OF NEW YORK, NEW YORK STATE CIVIL
SERVICE COMMISSION,

Respondents.
--------------------------------------------------------------------------------x

By and through their counsel, Michael H. Sussman, Esq., the charging parties hereby

allege as and against respondents the following:

1.  Rachel Burns, Allison German, Melanie King, Amber Hawthorne Lashway, Marie

Neptune, Susan Devlin-Varin & Kimberly Wesley, the charging parties, each work for the

respondent State of New York as Nurse Practitioners [hereinafter "NPs]". They collectively bring

this charge on their own behalves and on behalf of all other similarly situated Nurse Practitioners

who work for the State of New York.

2.  Respondents, the State of New York and the New York State Civil Service

Commission, the state agency responsible for the classification and compensation for all civil

service employees, have created and employed a civil service classification which significantly

devalues NPs' education and training, as well as the critical job duties that the state's more than

200 NPs routinely discharge in numerous facilities throughout the state, including jails, hospitals

and clinics. Charging parties allege that this de-valuation has occurred in substantial part because

the vast majority of NPs in New York are female, a form of gender bias and wage discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended.

3. Rachel Burns works for Western New York Office for Persons with Development Disabilities, 1200 East and West Road, West Seneca, NY 14224. She received her Master's of Science in Nursing (MSN) in 2013 and a Doctorate in Nursing Practice (DNP) in 2018. Dr. Burns currently works as a Psychiatric Mental Health NP and is responsible for performing psychiatric evaluation for patients, diagnosing them, and managing their medication. She routinely engages in crisis intervention and uses evidence- based practices to properly treat her patients independently with final decision-making authority.

4. Allison German resides at 13 Marble Street, Baldwinsville, NY 130927. She obtained her Primary Care NP Certificate in 2000, the same year she earned Master of Science degrees in Family Nursing and Community Health Nursing. Since 2005, NP German had worked at SUNY Oswego, 7060 State Route 104, Walker Health Services, Oswego, NY 13126. Ms. German practices in a manner completely independent of physician oversight, and she provides primary and acute care, including physical examinations, diagnosing, and treating illnesses/injuries, prescribing medications, and ordering and reviewing diagnostic tests. NP German also oversees and clinically supervises two registered nurses, a licensed practical nurse and one medical assistant.

5. Melanie King resides at 952 Selleck Road in Colton, NY 13625. She obtained an associate degree in applied science – Nursing in 1996, a Bachelor of Science in Nursing Degree from Alfred State College in December 2017 and a Master's degree from Keuka College's Nurse Practitioner Program in November 2020. She currently works at Sunmount, a facility operated by DDSO and located a 2445 Sate Route 30, Tupper Lake, NY 12986. She serves as the primary

medical care provider for 25-35 persons, performing annual physicals, ongoing assessments, prescribing medications, diagnosing, and treating acute and chronic medical conditions.

6. Amber Hawthorne Lashway resides at 882 Irona Road in Ellenburg Depot, NY 12935. She works as an NP at Upstate Correctional Facility, 309 Bare Hill Road, Malone, NY 12953. Ms. Lashway has both a bachelor's in nursing and a Master of Science in nursing. She works as a Family Nurse Practitioner. For years, at Upstate CF, Ms. Lashway was the sole medical provider. The facility still has no physicians. Her job duties mirror those performed by clinical physicians and while they are Grade 36 employees, she is a Grade 24. She meets with inmates, diagnoses, and treats their medical conditions. She manages illnesses like hypertension, diabetes, asthma, COPD and HIV, to name a few. She also provides medication assisted treatment for persons diagnosed with opioid use disorder.

7. Marie Neptune resides at 102 Brookside Avenue, North Babylon, NY 11703. She is a psychiatric nurse practitioner, with her doctoral degree, who works for the NY State Office of Mental Health at Pilgrim Psychiatric Center, 998 Old Crooked Road, West Brentwood, NY 11717. Dr. Neptune is responsible for screening and evaluating clients with chronic, persistent mental illness, developmental disabilities, substance abuse and dual diagnosis, clients include not limited to criminal procedure law (CPL), Parolees, Probation, AOT, court mandated (legal and substance), and Sex offenders. In her role as a Psychiatric Nurse Practitioner, She is responsible for admissions and evaluations, including Annual Psychiatric Evaluation, Risk Analysis, Suicide Safer Care Protocol (SSCP), Abnormal Involuntary Movement scale (AIMS), and medication reconciliation. She performs these evaluations upon admission, upon any change in clinical presentation, annually, and prior to discharge. These evaluations are identical to those conducted

by psychiatrists and use the same forms. Like the other charging parties, she is a Grade 24 doing the work associated with Grade 38 (psychiatrist)

8.  Susan Devlin-Varin resides at 2039 Chazy Lake Road, Ellenburg Depot, NY 12935. She became an NP in 2016 and works as an NP at Clinton Correctional Facility. To her knowledge, Ms. Devlin-Varin performs the same functions as a Clinical Physician in the Department of Correctional Services and Supervision but receives much less pay. Her duties include providing primary, acute, and long-term care to incarcerated persons, including diagnosing their health problems, prescribing medications, medical tests, and treatment, collaborating with other health care professionals, and providing clinical guidance and training nursing staff.

9.  Kimberly Wesley resides at 5454 Wells Curtice Road, Canandaigua, NY 14424 and earned her nursing degree from Keuka College in 1997 and her NP degree from the University of Rochester in 2005. Since August 2016, Ms. Wesley has worked at Rochester Psychiatric Center. She routinely conducts physical examinations, orders, performs and/or interprets diagnostic tests and procedures, determines and/or confirms diagnoses and treats a variety of medical conditions. She discusses advanced directives with patients and their families,  completes evaluations for other staff and regularly attends departmental and hospital committee meetings. She also maintains her board certification.

10.  For the last ten years, nurse practitioners in New York State have sought pay equity. By and large, these efforts have been unsuccessful, and they continue to suffer systemic wage inequity, a classification [at Grade 24] with no possibility of internal advancement or steps. Despite significant efforts, charging parties  and those who have acted as their representatives and in concert with them, have failed to attain progress toward wage equity.

11.  In 2006, respondents re-classified NPs from Grade 18 to Grade 24.

12. In 2018, per specific state legislative dictate, Civil Service's Compensation and Classification unit did a "study" of the NP classification, recommending against re-grading and a career ladder; this study noted the subordinate role of NPs to physicians [p. 15] and the substantial difference between physician classification (entry at 34) and that of NPs (24), psychologists (25) and pharmacists (25). The study focused on "scope of practice" as decisive, contrasting Licensed Social Worker and Physician Assistant Titles which have less autonomy in treating patients than do NPs. Higher classified positions have higher levels of educational requirements [as measured by years] and licensure requirements and no supervision or collaboration requirement [as allegedly do NPs]. The latter consideration contravenes the actual experience [as reported elsewhere in the study] of NPs who often work without actual supervision and as substitutes for physicians.

13.  The study also addressed compensation issues and notes a then very recent change [GPD] implemented "to address significant retention and recruitment issues" due to what is acknowledged to be uncompetitive prior salaries. According to the data reported, the state's compensation level for NPs exceeded that of the private market [both upstate and downstate]. The study found that board certification does not alter the fundamental duties of an NP and is not required for the job in NY. This is also true for civil service physician positions, but doctors with board certification receive a salary differential not provided NPs. The study erroneously concluded that there is minimal distinction in what NPS do, further making unnecessary and inappropriate a career ladder.

14. The Nurse Practitioner Association, New York State's professional organization representing nurse practitioners, responded to the C & C study, noting that in correspondence

with its author, that the report failed to account for the autonomy accorded to and exercised by NPs working in state service. NPA also criticized the conclusion that NPs have undifferentiated job responsibilities and that the range of performed duties could not support a career ladder. PEF also provided similar comments, extremely critical of the C & C report.

15.   On November 21, 2018, the C & C director responded to NPA's criticisms and reiterated his agency's position, defending the undifferentiated employment of NPs at Grade 24.

16.   In 2022, the NP Modernization Act allowed NPs with more than 3600 hours of supervised practice to be entirely independent of physicians and struck the prior NP/physician collaboration requirement, strengthening the case for an upgrade in status, title and pay for NPS employed by the State of New York.

17.   On October 22, 2022, when the NPA addressed its concerns to Governor Hochul, she directed  C & C's Director, Jean-Pierre Abner, to meet with charging parties and their union representatives. The parties met in early March 2023 and PEF sought an increase in starting grade to 28 with a grade progression to 34 depending on hours and then education. But, to this date, respondents have refused to alter the compensation offered to the substantial majority of NPS, though the state has re-graded NPs worker at Rosewell Park to Grade 30, and each charging party remains cabined in a Grade 24 with a commensurately discriminatory salary.

18.   To date, respondent Department to Civil Service continues to under-state and devalue the job functions of NPS, overstate their dependence on clinical physicians and advocate for the maintenance of their current singular job classification.

19.   In advocating for pay equity and for lines of advancement within their job classification, NPs employed by New York have alleged that their mistreatment is a consequence of the fact that at least 80% of the NPs employed by New York State are women. One recent

study by the esteemed Rockefeller College of Public Affairs concluded that a significant influence in New York State's compensation of various jobs related to "the percent of females within the various job titles." Thus, the treatment of state-employed NPs is all too typical of the devaluation accorded persons in female-dominated titles.

20. The Charging Parties are proper class representatives as they are similarly-situated to other putative class members, the number of persons in the proposed class similarly affected and situated is so numerous as to make impractical joining each in a single lawsuit; each putative class member has been harmed by the same common discriminatory, wage practices developed and implemented by respondents; the personal participation of each putative class member is not required to establish respondents' liability to class members; their claims are typical of those possessed by class members; they have no interests in conflict with those of other putative class members and are represented by experienced legal counsel who has represented classes challenging discriminatory practices, including against the respondents herein.

21. Class representatives designate Michael H. Sussman, Esq., Sussman & Goldman, 1 Railroad Avenue, Goshen, NY 10924 [845]-294-3991, sussman1@sussman.law as their counsel.

**WHEREFORE**, charging parties respectfully request that the EEOC accept jurisdiction over this matter, certify the class they seek to represent, provide them and the members of the class they seek to represent make whole relief, inclusive of back wages for ten years, a commensurate adjustment of pension benefits for them and all class members and pay equity, compensatory damages for the distress caused by the longstanding discriminatory practice, a career ladder in their job title and any other and further relief which the interests of law and equity require.

Dated:  July 18, 2023

Michael H. Sussman, Esq.

Sussman & Goldman
1 Railroad Avenue, Ste. 6
Goshen, New York 10924
(845)-294-3991
Sussman1@sussman.law

Counsel for Charging parties

EXHIBIT 2



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Rachel Burns
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 3
Goshen, NY  10924

Re:  EEOC Charge Against New York State Civil Service Comm'n, et al.
     No. 520202306474

Dear Ms. Burns:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                                   Kristen Clarke
                              Assistant Attorney General
                                 Civil Rights Division

                         by      /s/ Karen L. Ferguson
                                 Karen L. Ferguson
                           Supervisory Civil Rights Analyst
                           Employment Litigation Section

cc: New York District Office, EEOC
    New York State Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Allison German
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 6
Goshen, NY  10924

Re:  EEOC Charge Against New York State Civil Service Comm'n, et al.
    No. 520202306473

Dear Ms. German:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
    Karen L. Ferguson
    Supervisory Civil Rights Analyst
    Employment Litigation Section

cc: New York District Office, EEOC
   New York State Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Melanie King
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 6
Goshen, NY  10924

Re:  EEOC Charge Against New York State Civil Service Comm'n, et al.
     No. 520202306477

Dear Ms. King:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                         by      /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc: New York District Office, EEOC
   New York State Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Amber Hawthorne Lashway
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 6
Goshen, NY  10924

Re:  EEOC Charge Against New York State Civil Service Comm'n, et al.
   No. 520202306480

Dear Ms. Lashway:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
  New York State Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Marie Neptune
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 6
Goshen, NY 10924

Re: EEOC Charge Against New York State Civil Service Comm'n, et al.
    No. 520202306481

Dear Ms. Neptune:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
New York State Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 16, 2024

Ms. Susan Devlin Varin
c/o Michael H. Sussman, Esquire
Sussman & Goldman Law Firm
1 Railroad Ave.
Suite 3
Goshen, NY  10924

Re:  EEOC Charge Against New York Civil Service Comm'n, et al.
      No. 520202306482

Dear Ms. Varin:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by       /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
     New York Civil Service Comm'n, et al.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

July 12, 2024

Ms. Kimberly Wesley
c/o Michael H. Sussman, Esquire
Sussman Law
1 Railroad Ave., Suite 6
Goshen, NY 10924

Re: EEOC Charge Against State of New York, New York Civil Services Commission, et al.
No. 520202306483

Dear Ms. Wesley:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
State of New York, New York Civil Services Commission, et al.