UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
RACHEL BURNS, ALLISON GERMAN, AMBER :
HAWTHORNE LASHWAY, MARIE NEPTUNE, :
SUSAN DEVLIN-VARIN & KIMBERLY WESLEY, :
on their own behalves and on behalf of all similarly :
situated Nurse Practitioners employed by the State of : 5:24-CV-1132
New York, : (BKS/ML)
:
                        Plaintiffs, :
:
          - against - :
:
STATE OF NEW YORK, NEW YORK STATE CIVIL :
SERVICE COMMISSION, :
:
                    Defendants.
------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
300 S. State Street, Ste. 300
Syracuse, New York 13202
Aimee Cowan
Assistant Attorney General, of Counsel
Bar Roll No. 516178

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS………………………………………………………………...1

STANDARD OF REVIEW……………………………………………………………......4

ARGUMENT……………………………………………………………………………...5

**POINT I**      **PLAINTIFF'S TITLE VII CLAIMS AGAINST THE STATE SHOULD BE DISMISSED BECAUSE IT IS NOT PLAINTIFFS' EMPLOYER OR JOINT EMPLOYER……………………………………………………………..5**

**POINT II**    **PLAINTIFFS' TITLE VII CLAIMS AGAINST THE NYSCSC SHOULD BE DISMISSED BECAUSE THE NYSCSC IS NOT PLAINTIFFS' EMPLOYER……………………………………………………………..9**

CONCLUSION……………………………………………………………………………..13

## TABLE OF AUTHORITIES

**CASES**

Alameda v. Ass'n of Soc. Work Boards, No. 23-CV-6156 (KMK), 2024 WL 4302389 (S.D.N.Y. Sept. 25, 2024)..........................................................................................11

Albright v. Oliver, 510 U.S. 266 (1994)…………………………………………………...4

Ashcroft v. Iqbal, 556 U.S. 662 (2009)…………………………………………………….4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)……………………………………4, 5

Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730 (1989)………………………….10

Covington v. Int'l Ass'n of Approved Basketball Offs., 710 F.3d 114 (3d Cir. 2013)…………10

Easterling v. State of Connecticut, 783 F. Supp. 2d 323 (D. Conn. 2011)…………………………8

Farrell v. State of New York, 946 F. Supp. 185 (N.D.N.Y. 1996)…………………………………8

Faush v. Tuesday Morning, Inc., 808 F.3d 208 (3d Cir. 2015)…………………………………..10

Felder v. United States Tennis Ass'n, 27 F. 4th 834 (2d Cir. 2022)…………………………..9, 10

Gallagher v. Unified Ct. Sys., No. 318CV01476GTSML, 2024 WL 985097 (N.D.N.Y. Mar. 7, 2024)……………………………………….……………………………..10

Girard v. Int'l Ass'n of Approved Basketball Offs., Inc., 840 F. App'x 635 (2d Cir. 2021)………10

Gulino v. New York State Educ. Dep't, 460 F.3d 361 (2d Cir. 2006)…………………………5, 10

Harris v. New York, No. 20-CV-8827 (LAP), 2022 WL 445776 (S.D.N.Y. Feb. 14, 2022)………9

Heller v. Consol. Rail Corp., 331 F. App'x 766 (2d Cir. 2009)…………………………………..11

Herman-Scott v. New York City Dep't of Health & Mental Hygiene, No. 23CV8103NRMLB, 2023 WL 8717009 (E.D.N.Y. Dec. 18, 2023)………………………………………………..9

Idlibi v. Connecticut Dep't of Pub. Health, No. 3:23-CV-353 (JAM), 2024 WL 920728 (D. Conn. Mar. 4, 2024)…………………………………………………………………………………..11

Jackson v. Onondaga County, 549 F. Supp. 2d 204 (N.D.N.Y. 2008)……………………………..4

Jaufman v. Levine, 2007 WL 2891987 (N.D.N.Y. 2007)………………………………………….4

Kern v. City of Rochester, 93 F.3d 38 (2d Cir. 1996)……………………………………………9

La Martina v. Fischer, 2013 WL 1682603 (W.D.N.Y. Mar. 19, 2013)…………...…………….8, 9

Osby v. City of New York, No. 22-CV-7643 (LDH) (LB), 2024 WL 4350719 (E.D.N.Y. Sept. 30, 2024)……………………………………………………………………..11

Palmer v. New York State Office of Court Admin., 2010 WL 3724115 (N.D.N.Y. Sept. 15, 2010)…………………………………………………………………………8

Pasha v. New York State Dep't of Health, No. 22-CV-3355 (ER), 2024 WL 4240769 (S.D.N.Y. Sept. 19, 2024)……………………………………………………………………………………..8

Penz v. Washer, No. 18 CV 4964 (VB), 2019 WL 1922040 (S.D.N.Y. Apr. 30, 2019)…………..8

Singleton v. Fifth Generation, Inc., No. 15-cv-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016)….2

Tadros v. Coleman, 717 F.Supp. 996 (S.D.N.Y.1989)……………………………………………5

Trostle v. State of New York, No. 1:13-CV-0709, 2016 WL 1175215 (N.D.N.Y. Mar. 24, 2016)……………………………………………………………………………8

**STATUTES**

42 U.S.C. § 2000e-2(a)……………………………………………………………………………5

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………….1, 4

N.Y. Civ. Serv. § 117……………………………………………………………………………..12

N.Y. Civ. Serv. § 118……………………………………………………………………………..12

N.Y. Civ. Serv. § 120(2)………………………………………………………………………….12

N.Y. Civ. Serv. § 130(5)(b)………………………………………………………………………12

Title VII of the Civil Rights Act of 1964……………………………1, 4, 5, 6, 8, 9, 10, 11, 12, 13

## PRELIMINARY STATEMENT

In this case, plaintiffs are all Nurse Practitioners ("NP"s) employed by various New York State agencies. See generally ECF No. 1. Plaintiffs have initiated this lawsuit on behalf of themselves and "all other similarly situated Nurse Practitioners who are employed by the State of New York." Id. at ¶ 2. They assert discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") against defendants, the State of New York ("the State'") and the New York State Civil Service Commission[1] ("NYSCSC"). Id. at ¶ 3. In lieu of answering plaintiffs' complaint, defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

First, plaintiffs' claims as against the State should be dismissed because their complaint has not sufficiently pled that the State is either their employer or their joint employer, which is required for purposes of their Title VII claim. Plaintiffs are employed by the respective State agencies for which they work, and plaintiffs' complaint does not sufficiently plead that the State exerts the requisite control necessary to establish a joint employer relationship with those agencies.

Second, plaintiffs' claims against the NYSCSC should be dismissed because plaintiffs' complaint has not sufficiently pled the requisite employer-employee relationship between themselves and the NYSCSC, as required pursuant to Title VII.

## STATEMENT OF FACTS[2]

Plaintiffs' complaint alleges that they are all NPs who are employed by several different State agencies. According to the complaint, plaintiff Burns is employed by the New York Office

---

[1] This State agency is actually titled the New York State Department of Civil Service. See https://www.cs.ny.gov/. However, because plaintiffs' complaint refers to the agency as the New York State Civil Service Commission, a legally separate entity (see NY Civil Service Law section 5[2]), it will be referred to as such for consistency purposes.

[2] The complaint's factual allegations are assumed to be true for the purposes of this motion only.

1

for Persons with Developmental Disabilities. ECF No. 1 ¶ 7. Plaintiff German is employed by the State University of New York at Oswego and is assigned to Walker Health Services at the college. Id. ¶ 12. Plaintiff Lashway is employed as a NP at Upstate Correctional Facility. Id. ¶ 17[3]. Upstate Correctional Facility is a New York State Department of Corrections and Community Supervision ("DOCCS") facility. See https://doccs.ny.gov/location/upstate-correctional-facility[4]. Although the complaint does not explicitly state, plaintiff Lashway is presumably employed by DOCCS. Plaintiff Neptune is employed as a NP at Pilgrim Psychiatric Center. Id. ¶ 25. Her employer is the New York State Office of Mental Health. Id. Plaintiff Devlin-Varin is employed at Clinton Correctional Facility as a NP. Id. ¶ 32. Because Clinton Correctional Facility is a DOCCS facility, see https://doccs.ny.gov/location/clinton-correctional-facility, plaintiff Devlin-Varin is also presumably employed by DOCCS. Plaintiff Wesley is employed at Rochester Psychiatric Center, (ECF No. 1 ¶ 37) which is a New York State Office of Mental Health facility. See https://omh.ny.gov/omhweb/facilities/ropc/.

Further, obvious from the complaint, plaintiffs work in several different medical settings. Plaintiff Burns is a psychiatric mental health NP for individuals with developmental disabilities. Id. ¶ 9. Plaintiff German is employed at a SUNY college, presumably providing care and medical treatment to students. Id. ¶ 12. Plaintiffs Lashway and Devlin-Varin are employed at two different

---

[3] Although the complaint indicates that the address for Upstate Correctional Facility is 555 Devil's Den Road, Altona, New York, this is incorrect. Upstate Correctional Facility is located at 309 Bare Hill Road, Malone, New York 12953. See https://doccs.ny.gov/location/upstate-correctional-facility. Altona Correctional Facility is located at 555 Devil's Den Road. See https://doccs.ny.gov/location/altona-correctional-facility. Regardless, both are New York State Department of Corrections and Community Supervision facilities.

[4] The court may take judicial notice of, and consider, "matters of public record," including information and material retrieved from an agency's official website. Singleton v. Fifth Generation, Inc., No. 15-cv-474, 2016 WL 406295, at *2-*3 (N.D.N.Y. Jan. 12, 2016) (collecting cases).

2

correctional facilities, presumably providing care and medical treatment to incarcerated individuals. Id. ¶¶ 17, 32. Plaintiffs Neptune and Wesley are employed at two different psychiatric centers. Id. ¶ 25, 37.

Plaintiffs' complaint alleges that each of the class representatives have timely filed a class charge with the Equal Employment Opportunity Commission and have received Right to Sue letters. Id. ¶4. They contend that for the "last eleven years, nurse practitioners in New York State have sought pay equity." Id. ¶¶ 39, 40. Specifically, the complaint alleges that the NYSCSC is responsible for the classification of civil service employees and that "defendants" reclassified NPs from Grade 18 to Grade 24 in 2006. Id. ¶¶ 3, 42. In 2018, defendant NYSCSC's Compensation and Classification Unit performed a study of the NP grade classification. Id. ¶ 43. Based on the results of the study, the Unit recommended against re-grading NPs. Id.

Plaintiffs contend that despite altering the starting salaries of NPs, defendants have failed to alter the compensation offered to "the substantial majority of NPs and each plaintiff remains cabined in a Grade 24 with a discriminatorily low salary when compared with males in other job classifications doing highly similar functions." Id. ¶ 66. Plaintiffs allege that defendants have created, and continued to employ, a civil service classification "which significantly devalues plaintiffs' education and training, as well as the critical job duties that the state's more than 200 NPs routinely discharge in numerous facilities throughout the state, including jails, hospitals and clinics." Id. ¶ 5. Plaintiffs argue that defendant NYSCSC "continues to intentionally understate the job functions of NPs, overstate their dependence on clinical physicians and advocate for the maintenance of their current unequitable job classification." Id. ¶ 67. Plaintiffs contend that this "de-valuation occurs in substantial part" because the majority of the NPs working for the State are female. Id. ¶ 6.

3

Plaintiffs allege that defendants have violated Title VII by discriminating against them on the basis of their gender. Id. Specifically, plaintiffs allege that defendants have "intentionally maintained classification and wage disparities between the NPs it employs, the vast majority of whom are female, and other comparable jobs which have much higher grades, salaries and benefits in titles which are not dominated by female employees" in violation of Title VII. Id. ¶ 76. Plaintiffs' complaint seeks class certification to represent NPs employed by the State of New York. Id. ¶¶ 72-74.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Jackson v. Onondaga County, 549 F. Supp. 2d 204, 211 (N.D.N.Y. 2008); Fed. R. Civ. P. 12(b)(6). When addressing a motion to dismiss under this Rule, the Court accepts as true all of the factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. Jaufman v. Levine, 2007 WL 2891987, at *5 (N.D.N.Y. 2007) (citing Albright v. Oliver, 510 U.S. 266, 268 (1994)). This presumption of truth, however, does not extend to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 677-78 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

4

possibility and plausibility of "entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Ultimately, where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." Twombly, 550 U.S. at 550.

## ARGUMENT

**POINT I    PLAINTIFF'S TITLE VII CLAIMS AGAINST THE STATE SHOULD BE DISMISSED BECAUSE IT IS NOT PLAINTIFFS' EMPLOYER OR JOINT EMPLOYER**

Title VII makes it "an unlawful employment practice for an *employer*…to discriminate against any individual with respect to h[er]compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added). "Consequently, the existence of an employer-employee relationship is a primary element of Title VII claims." Gulino v. New York State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006) (citing Tadros v. Coleman, 717 F.Supp. 996, 1004 (S.D.N.Y.1989), aff'd, 898 F.2d 10 (2d Cir.1990)). At the motion to dismiss stage, a plaintiff bringing a Title VII claim must allege sufficient facts to suggest an employment relationship. La Martina v. Fischer, 2013 WL 1682603, at *3 (W.D.N.Y. Mar. 19, 2013), report and recommendation adopted, 2013 WL 1681492 (W.D.N.Y. Apr. 17, 2013).

Here, plaintiffs' complaint alleges they are all NPs who are employed "by the State of New York." See ECF No. 1 ¶ 2. However, plaintiffs' complaint fails to allege how the State qualifies as their "employer" for purposes of a Title VII claim. Instead, the complaint *actually* establishes that plaintiffs are employed by several different state agencies. For example, according to the complaint, plaintiff Burns is employed by the Western New York Office for Persons with

Developmental Disabilities.[5] ECF No. 1 ¶ 7. Plaintiff German is employed by a State college, the State University of New York at Oswego. Id. ¶ 12. Plaintiff Lashway is employed as a NP at Upstate Correctional Facility, which is a DOCCS facility. See https://doccs.ny.gov/location/upstate-correctional-facility. Plaintiff Neptune is employed as a NP at Pilgrim Psychiatric Center. Id. ¶ 25. Her employer is the New York State Office of Mental Health. Id. Plaintiff Devlin-Varin is employed at Clinton Correctional Facility as a NP. Id. ¶ 32. Because Clinton Correctional Facility is a DOCCS facility, plaintiff Devlin-Varin is also presumably employed by DOCCS. Plaintiff Wesley is employed at Rochester Psychiatric Center, (ECF No. 1 ¶ 37) which is a New York State Office of Mental Health facility. See https://omh.ny.gov/omhweb/facilities/ropc/. Plaintiffs' complaint does not sufficiently establish that the State is plaintiffs' employer for purposes of a Title VII claim.

If plaintiffs contend that the State is a "joint" employer, the complaint fails to demonstrate same. In Felder v. United States Tennis Ass'n, 27 F. 4th 834 (2d Cir. 2022), the Second Circuit established a test to determine whether an entity is a joint employer under Title VII. The Second Circuit explained:

> We will therefore find a *joint* employer relationship when two or more entities, according to common law principles, share significant control of the same employee. This means that an entity other than the employee's formal employer has power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities, such that we may properly conclude that a constructive employer-employee relationship exists. Because the exercise of control is the guiding indicator, factors indicating a joint-employment relationship may vary depending on the case, and any 'relevant factor [ ] may…be considered so long as [it is] drawn from the common law of agency that *Reid* seeks to synthesize. We are thus mindful that "all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.

---

[5] Western New York Developmental Disabilities Services Office is an Article 16 clinic established by the State agency New York State Office for People with Developmental Disabilities. See https://opwdd.ny.gov/location/western-new-york-developmental-disabilities-services-office.

<u>Id</u>. at 843.  In evaluating the extent of an entity's control over an individual, courts should consider the following non-exhaustive factors:

> [T]he hiring party's right to control the manner and means by which the product is accomplished ....[;] the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in the business; the provision of employee benefits; and the tax treatment of the hired party.

<u>Id</u>.

Here, plaintiffs' allegations make clear that the respective agencies who employ them are their sole employer. For example, the complaint alleges that plaintiff Burns "works for Western New York Office for Persons with Developmental Disabilities" located at 1200 East and West Road, West Seneca, NY. ECF No. 1 at ¶ 7. Plaintiff German works for SUNY Oswego, where she oversees and supervises two registered nurses and other employees. <u>Id</u>. ¶¶ 13, 15. Plaintiff Lashway works at Upstate Correctional Facility, purportedly as the "sole medical provider" at that facility with "final decision making authority over healthcare matters affecting incarcerated individuals" at that facility. <u>Id</u>. ¶ 19. Plaintiff Neptune works for the New York State Office of Mental Health at Pilgrim Psychiatric Center in West Brentwood, New York. <u>Id</u>. ¶ 25. Plaintiff Devlin-Varin also works at a DOCCS correctional facility providing care to incarcerated individuals. <u>Id</u>. ¶ 32, 34. Lastly, the complaint makes clear that plaintiff Wesley works for the New York State Office of Mental Health. ECF No. 1 ¶ 37; <u>see also</u> <u>https://omh.ny.gov/omhweb/facilities/ropc/</u>.

The agencies through which plaintiffs are employed are their sole employers because they, not the State, control plaintiffs' work. Nowhere in plaintiffs' complaint do they allege that the State asserts any control over them, let alone "significant" control. For example, the complaint

7

fails to allege that the State—rather than the State agency who employs them—has the right to hire or fire them, make disciplinary decisions, provide employee evaluations, assign plaintiff(s) additional projects, exert any control over when and how long they must work, exert any control over the location at which they work, or decide what days they are required to work. Plaintiffs' complaint simply does not establish that the State exercises the kind of control that would be necessary to establish a joint employment relationship. See e.g. Pasha v. New York State Dep't of Health, No. 22-CV-3355 (ER), 2024 WL 4240769, at *5 (S.D.N.Y. Sept. 19, 2024).

In fact, a finding that the respective state agencies for which they work is each plaintiffs' employer, not the State, is consistent with previously decided cases where courts held that the State is not a proper defendant in Title VII actions brought by employees of a state agency. See Farrell v. State of New York, 946 F. Supp. 185, 191 (N.D.N.Y. 1996) (dismissing State of New York as defendant in Title VII action brought by state trooper, who was employed by the New York State Division of State Police); Palmer v. New York State Office of Court Admin., 2010 WL 3724115, at *4 n.2 (N.D.N.Y. Sept. 15, 2010) (dismissing State of New York as defendant in Title VII action brought by a court reporter, who was employed by the New York State Office of Court Administration); see also Easterling v. State of Connecticut, 783 F. Supp. 2d 323, 334 (D. Conn. 2011) ("Although the [Connecticut Department of Correction, the State Police, and the Department of Public Safety are all part of the Connecticut state government, each agency is responsible for its own hiring and fairly characterized as a separate 'employer' and 'respondent,' as those terms are defined in Title VII"); La Martina, 2013 WL 1682603 at *5 (citing cases); Trostle v. State of New York, No. 1:13-CV-0709, 2016 WL 1175215, at *7 (N.D.N.Y. Mar. 24, 2016) ("…it is apparent that DOCCS, not the State of New York was Plaintiff's employer. Therefore, Plaintiff's Title VII claim must be dismissed against the State of New York"); Penz v. Washer, No. 18 CV

8

4964 (VB), 2019 WL 1922040, at *2 (S.D.N.Y. Apr. 30, 2019) (because plaintiff does not plausibly allege that the State is plaintiff's employer, plaintiff's sole claim against the State fails); Harris v. New York, No. 20-CV-8827 (LAP), 2022 WL 445776, at *2–3 (S.D.N.Y. Feb. 14, 2022) (plaintiff has not alleged sufficient facts to suggest an employment relationship with the State).

For instance, in La Martina v. Fischer, the court found the plaintiff, a correction officer employed by DOCCS, did not plausibly allege the State was also her employer for purposes of a gender-based Title VII discrimination claim. 2013 WL 1682603 at *4. As plaintiffs have failed to do so here, plaintiff in La Martina did not allege "any indicia of employment, including the State's involvement in collective bargaining, payment of wages, or hiring and firing." Id. Additionally, plaintiffs' complaint fails to establish whether the State hired plaintiffs, paid their wages, or—most importantly—exercised direct, obvious, and concrete control over plaintiffs' day-to-day activities.

For these reasons, plaintiffs' Title VII claim against the State should be dismissed.

**POINT II    PLAINTIFFS' TITLE VII CLAIMS AGAINST THE NEW YORK STATE CIVIL SERVICE COMMISSION SHOULD BE DISMISSED**

As mentioned above in Point I, supra, a claim under Title VII requires proof that the plaintiff was an employee and subject to discrimination by the plaintiff's employer. See Felder, 27 F.4th at 841–42. Indeed, Title VII is "available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers." Herman-Scott v. New York City Dep't of Health & Mental Hygiene, No. 23CV8103NRMLB, 2023 WL 8717009, at *1 (E.D.N.Y. Dec. 18, 2023) (citing Kern v. City of Rochester, 93 F.3d 38, 45 (2d Cir. 1996) (citation omitted)). Therefore, "'the existence of an employer-employee relationship is a primary element of Title VII claims.'" Id., citing Felder, 27 F.4th at 838.

When "determining Congress's intended meaning of the terms 'employer' and 'employee' in statutes mirroring the circular definitions provided in Title VII, the Supreme Court has 'relied

9

on the general common law of agency.'" Felder, 27 F.4th at 843 (citing Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 740 (1989)). Courts must apply a "set of non-exhaustive factors set forth by the Supreme Court that, when present, may indicate the existence of an employer-employee relationship under the common law." Id., citing Gulino, 460 F.3d 371. The factors, previously cited under Point I, supra, include:

> [T]he hiring party's right to control the manner and means by which the product is accomplished ....[;] the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in the business; the provision of employee benefits; and the tax treatment of the hired party.

Id.

"Broadly, these factors examine whether the alleged employer 'paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities…'" Id., citing Faush v. Tuesday Morning, Inc., 808 F.3d 208, 214 (3d Cir. 2015) (quoting Covington v. Int'l Ass'n of Approved Basketball Offs., 710 F.3d 114, 119 (3d Cir. 2013)). "[T]he crux of these factors is 'the element of control.'" Id., citing Gulino, 460 F.3d at 371; see also Gallagher v. Unified Ct. Sys., No. 318CV01476GTSML, 2024 WL 985097, at *15 (N.D.N.Y. Mar. 7, 2024) (an entity is an employer under Title VII where the entity "significantly affects the access of the individual to employment opportunities" through the "authority to hire or fire [the plaintiff], to supervise her work or conditions of employment, to determine her rate or method of pay, or to maintain records of her employment." (citation omitted) The "principal guidepost" is the "common-law element of control.") (citing Girard v. Int'l Ass'n of Approved Basketball Offs., Inc., 840 F. App'x 635, 638 (2d Cir. 2021)).

10

Here, plaintiffs' complaint does not allege that they are current, former or prospective employees of the defendant NYSCSC, which is fatal to their Title VII claims. See Osby v. City of New York, No. 22-CV-7643 (LDH) (LB), 2024 WL 4350719, at *2 (E.D.N.Y. Sept. 30, 2024); Idlibi v. Connecticut Dep't of Pub. Health, No. 3:23-CV-353 (JAM), 2024 WL 920728, at *7 (D. Conn. Mar. 4, 2024); Heller v. Consol. Rail Corp., 331 F. App'x 766, 768 (2d Cir. 2009) (holding that because the "appellant did not allege that either the EEOC or the Railroad Retirement Board was his employer, he could not state a claim against them under the provisions of Title VII, the Americans with Disabilities Act, and the ADEA, which apply only to discriminatory practices by an employer.").

In Alameda v. Ass'n of Soc. Work Boards, No. 23-CV-6156 (KMK), 2024 WL 4302389, at *2 (S.D.N.Y. Sept. 25, 2024), plaintiffs brought a putative class action on behalf of themselves and other African American and Hispanic test takers who had taken and failed social work licensing exams administered by defendant Association of Social Work Boards ("ASWB"). Plaintiffs alleged that the exams administered by the ASWB were racially discriminatory and constituted employment discrimination pursuant to Title VII. Id. Defendants moved to dismiss. The Court recently held in Alameda on September 25, 2024, that because "plaintiffs have not alleged, nor could they allege, that ASWB employed them," they did not have an employer-employee relationship that would allow them to "mount a plausible Title VII claim." Id. at ¶ 3.

In fact, as plaintiffs' complaint does here, the Alameda complaint specified the entities for which plaintiffs worked and had employment relationships with, none of which included the ASWB. The Court in Alameda further noted that plaintiffs' complaint did not plead that they were ever hired by ASWB or have received any payment or benefits from ASWB for work performed for it.

Here, plaintiffs' complaint further fails to allege that the NYSCSC qualifies as their employer under Title VII based on the factors listed in Felder, supra. To be sure, the NYSCSC itself maintains oversight authority for state and local governments as a quasi-legislative authority, appellate authority and investigative authority to ensure the proper administration of the Civil Service Law. See N.Y. Civ. Serv. §§ 120(2), 130(5)(b). NYSCSC's Division of Classification and Compensation ("C&C") classifies positions by examining the duties of all the positions in State service in conjunction with the assistance of State agencies, to group positions with similar occupational fields and job duties together by job title. See N.Y. Civ. Serv. §§ 117, 118. The Director of C&C is responsible for ascertaining and recording the duties and responsibilities of positions in the classified service of the State, classifying such positions, and allocating salary grades for competitive, non-competitive and (within their discretion) labor class positions. N.Y. Civ. Serv. § 118. The NYSCSC retains review over the Director of C&C's salary determinations in its separate appellate capacity, but is not an "employer."

Plaintiffs' complaint does not contend that the NYSCSC qualifies as their employer for purposes of their Title VII claim by exerting the requisite amount of control over their daily employment activities. For example, plaintiffs' complaint does not allege that the NYSCSC hired them, has the ability to fire them, exerts control over the location of their work, pays their salaries, supervises their work or the conditions of their employment at their respective agencies, or maintains records of their employment. Plaintiffs' complaint does not allege that plaintiffs have received any payment or benefits from the NYSCSC for work they performed for it, that the NYSCSC is allowed to assign plaintiffs additional work or has any discretion over when and how long plaintiffs work, or that the NYSCSC exerts any other control over plaintiffs' daily employment activities.

Consequently, plaintiffs' Title VII claims against the NYSCSC should be dismissed because the complaint fails to plead an employer relationship, as it must, in order to survive a motion to dismiss.

## CONCLUSION

Defendants respectfully request that the Court dismiss plaintiffs' complaint in its entirety, with prejudice, and grant such other and further relief as it deems just and equitable.

Dated: Syracuse, New York
November 19, 2024

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
300 S. State Street, Ste. 300
Syracuse, New York 13202
By: ___/s_____
Aimee Cowan
Assistant Attorney General, of Counsel
Bar Roll No. 516178
Telephone: (315) 448-4800
Fax: (315) 448-4853
Email: aimee.cowan@ag.ny.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2024, she filed Defendants' motion to dismiss by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

Michael H. Sussman, Esq.
SUSSMAN & GOLDMAN
PO Box 1005
Goshen, New York 10924

Dated:      Syracuse, New York
            November 19, 2024

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        300 S. State Street, Suite 300
                                        Syracuse, New York 13202
                                        By: ____/s_____
                                        Aimee Cowan, Esq.
                                        Assistant Attorney General
                                        Bar Roll No. 516178
                                        Telephone:    (315) 448-4800
                                        Fax: (315) 448-4853
                                        Email: aimee.cowan@ag.ny.gov